**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-6135**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

EMMETT MADISON GRAHAM, JR.,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (7:97-cr-00098-F-1)

Submitted:  May 28, 2009          Decided:  July 7, 2009

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Dismissed by unpublished per curiam opinion.

Emmett Madison Graham, Jr., Appellant Pro Se. Michael Gordon
James, Assistant United States Attorney, Raleigh, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Emmett Madison Graham, Jr., seeks to appeal the district court's order treating his Fed. R. Civ. P. 60(b) motion as a successive 28 U.S.C.A. § 2255 (West Supp. 2008) motion, and dismissing it on that basis. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Graham has not made the requisite showing. Accordingly, we deny Graham's motion for a certificate of appealability and dismiss the appeal. We further deny Graham's motions for bail and to schedule a bail hearing and deny as moot Graham's motion to expedite review of the motion for bail or the merits of the appeal.

2

Additionally, we construe Graham's notice of appeal and informal brief as an application to file a second or successive motion under 28 U.S.C.A. § 2255.  <u>United States v. Winestock</u>, 340 F.3d 200, 208 (4th Cir. 2003).  In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:  (1) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review.  28 U.S.C.A. § 2255(h).  Graham's claims do not satisfy either of these criteria.  Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>